Ruffin, C. J.
 

 The principle of this bill is new to us; and it seems somewhat singular, that one should be allowed to call for the title papers of another, under which the plaintiff sets up no title nor any interest in himself, except that he may possibly at some time find it convenient to use them in an action at law as evidence against the defendants, upon a collateral matter. Whether such a bill will lie or not the court conceives that the present bill will not, because it .does not show that the plaintiff is legally entitled to the reversion, so as to enable him to maintain an action at law in which the evidence, if he had it, could be useful to him; since it does not appear that his own deed is registered, and consequently'he has not thé legal title. It is said that the bill ought to be sustained, as it is in the nature of one to perpetuate evidence. But such bills only lie when the evidence relates to legal rights, which cannot be tried immediately, by reason of the-impediment of a prior temporary legal title outstanding in the defendant or some one else. If the right of the party be an equitable one, there is no impediment to an immediate suit in Equity for relief, and therefore there is no ground for a bill for discovery, merely, or for perpetuating evidence with a view
 
 to
 
 a future litiga-, tion in the Court of Equity. Upon this ground then, without considering the others, the demurrer was properly sustained, and the decree must be affirmed, and the bill dismissed with costs in both Courts.
 

 P-ER Curiam. Bill dismissed with costs.